# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

No. 19-10418
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Maxwell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-70-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

After a bench trial, the district court convicted Marcus Maxwell, a former officer in the Dallas Police Department and owner of a trucking business, on two counts of obstructing justice by making false statements to FBI agents related to a grand jury investigation, in violation of 18 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10418

§ 1503(a), and one count of making another false statement to the FBI, in violation of 18 U.S.C. § 1001(a).  The investigations were directed at a large truck-cargo theft ring in the Dallas area.  Specifically, Count One of the indictment charged Maxwell with falsely telling the FBI that never told a person named Geane Doby to steal anything for him; Count Two charged Maxwell with falsely telling the FBI that he never received a global positioning system device (GPS) from Doby; and Count Three charged him with falsely telling the FBI that he did not attempt to hire Doby to disable a truck belonging to a rival who owed Maxwell money.

On appeal, Maxwell first contends that there was insufficient evidence of guilt on Counts One and Two because there was no proof that he was explicitly told that he was a target of a grand jury proceeding and that he thus did not act with the specific intent to influence or obstruct the grand jury proceeding.  He also contends that there was insufficient evidence to convict him on Count Three because there was inadequate proof that his statement was material.

In reviewing a challenge to the sufficiency of the evidence following a bench trial, we ask whether the guilty verdict is supported by "evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003) (internal quotation marks and citation omitted). We do not weigh the evidence or the credibility of witnesses. *Id.*  Rather, we view the evidence in the light most favorable to the Government, and all reasonable inferences by the district court are afforded deference. *Id.* at 720-21.

Based on Maxwell's two interviews with the FBI, the trial court reasonably concluded that Maxwell was aware of the grand jury proceeding, and that the FBI was connected to that proceeding, and that he was at least

No. 19-10418

one of the targets of the grand jury investigation. Moreover, the evidence is clear that Maxwell lied to the FBI when he denied that he ever asked Doby to steal anything for him and when he said that he never received a GPS from Doby. Given the requisite deference to the trial court and its weighing of the evidence, the guilty verdict is supported by sufficient evidence that Maxwell violated § 1503(a). *See Turner*, 319 F.3d at 720-21; *see also United States v. Bedoy*, 827 F.3d 495, 504-07 (5th Cir. 2016). The convictions on Count One and Count Two are AFFIRMED.

As to Count Three, the violation of § 1001(a), Maxwell contends only that the evidence was insufficient to prove that his statement was material to the FBI's investigation. A statement is material if it had "a natural tendency to influence" or was "capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Richardson*, 676 F.3d 491, 505 (5th Cir. 2012) (internal quotation marks and citation omitted); *see United States v. Najera Jimenez*, 593 F.3d 391, 400 (5th Cir. 2010).

Maxwell argues that, even if he admitted attempting to hire Doby to disable the truck, he would not have been exposed to any federal criminal charges. Thus, he says that his false statement did not have the capability or tendency to influence the FBI. Maxwell cites no authority for requiring that a false statement be made with the particular intent to evade or avoid prosecution for a federal crime. On the contrary, in *United States v. Abrahem*, 678 F.3d 370 (5th Cir. 2012), we held that the materiality requirement was satisfied where a statement affected the decision on whether to proceed to the next step of an investigation. *Id.* at 374. Here, evidence supported the district court's finding that Maxwell's false statement had a natural tendency to affect the FBI's decision whether to pursue criminal corruption charges against Maxwell and also influenced the manner in which the FBI's

No. 19-10418

investigation of Maxwell and others would proceed. *See id.* The conviction on Count Three is also AFFIRMED.